UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Albert Terrell Ellis,
a/k/a Alvin Ellis,

           Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 13-257 ADM/LIB
Civil No. 17-794 ADM

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Albert Terrell Ellis, pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Albert Terrell Ellis' ("Ellis") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 112][1] ("Initial 2255 Motion"), Motion for the Appointment of Counsel [Docket No. 115], Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Docket No. 124] ("Amended 2255 Motion") and Second Motion for Appointment of Counsel [Docket No. 123]. For the reasons set forth below, Ellis' Motions are denied.

## II. BACKGROUND

On July 2, 2014, a jury found Ellis guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) (Count 1), possession with intent to distribute heroin in

---

[1] All docket citations are to the Criminal Docket.

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). Jury Verdict [Docket No. 70] at 1–2; Sentencing J. [Docket No. 91] at 1.[2]

The Presentence Investigation Report ("PSR") determined that Ellis' conviction under 18 U.S.C. § 922(g) (Count 1) qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), and he was therefore subject to a mandatory minimum sentence of 15 years imprisonment. PSR ¶¶ 49, 107. This determination was based on his five prior convictions in Illinois state court: (1) a 1995 conviction for Manufacture/Delivery of 1 to 15 Grams of Cocaine; (2) 1996 conviction for Possession with Intent to Deliver Other Amount of Narcotic Substance; (3) a 1996 conviction for Attempted Murder; (4) a 1996 conviction for Aggravated Vehicular Hijacking – Weapon; and (5) a 2004 conviction for Attempted Armed Robbery. PSR ¶¶ 49, 60–62, 64.

The PSR also determined that Ellis' controlled substance conviction under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3) qualified him as a career offender under U.S.S.G. § 4B1.1(b)(1) based on four of the five convictions that were predicates under the ACCA. PSR ¶ 47, 60–62, 64.[3]

---

[2] The jury found Ellis not guilty of being a felon in possession of ammunition as charged in Count 2 of the four-count Superseding Indictment. Redacted Jury Verdict at 1.

[3] The 1996 convictions for Attempted Murder and Aggravated Vehicular Hijacking—Weapon resulted from Ellis and a co-defendant's beating a victim with a wooden table leg and stealing her car. Only one of these two convictions were scored with criminal history points, and thus qualified as a predicate offense for Career Offender purposes. PSR ¶ 62 (citing U.S.S.G. § 4B1.2(c)).

The PSR further determined that Ellis was subject to a five-year mandatory minimum sentence, to be served consecutively to any other term of imprisonment, as a result of his conviction under 18 U.S.C. § 924(c)(1)(A) for use of a firearm in relation to drug trafficking (Count 4). PSR ¶ 107.

The PSR concluded that Ellis' total mandatory minimum term of imprisonment was 20 years, and his advisory Guideline range was 360 months to life imprisonment. PSR ¶¶ 107, 108.

On June 4, 2015, the Court held a sentencing hearing and adopted the PSR sentencing determinations without change. Min. Entry [Docket No. 89]; Statement Reasons [Docket No. 92] at 1. As a result, Ellis was adjudicated an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as well as a career offender under U.S.S.G. § 4B1.1(b)(1). The Court imposed a 262-month sentence: 202 months on Counts 1 and 3, to be served concurrently, and 60 months on Count 4, to be served consecutively. Sentencing J. [Docket No. 91] at 2. The sentence constituted a substantial downward departure from the Guidelines range of 360 months to life. Statement Reasons at 1, 3.

Ellis appealed his conviction, arguing insufficient evidence and evidentiary error. United States v Ellis, 817 F.3d 570 (8th Cir. 2016). On March 18, 2016, the Eighth Circuit affirmed his conviction. Id. Ellis' requests for rehearing and rehearing en banc were denied on April 20, 2016, and the mandate was issued on April 27, 2016. Id.; Mandate [Docket No. 110].

On March 16, 2017, Ellis filed the Initial 2255 Motion and Motion for Appointment of Counsel. In the Initial 2255 Motion, Ellis argued that under the Supreme Court's ruling in Mathis v. United States, 136 S.Ct. 2243 (2016), his two Illinois state court drug convictions and his Illinois state court convictions for attempted murder and attempted armed robbery do not

3

qualify as predicate offenses under the ACCA or the career offender provisions of U.S.S.G. § 4B1.1(b)(1). Ellis contended that the reason he had not raised these arguments on appeal was that <u>Mathis</u> was decided after his conviction was affirmed, and <u>Mathis</u> introduced "a new law and statutory interpretation." Initial 2255 Mot. at 4.

On April 28, 2017, the Government filed a Response [Docket No. 119], arguing that Ellis' claims are procedurally barred for failure to raise them on direct appeal. The Government also argues that even if the claims were not procedurally barred they would nevertheless fail because Ellis' arguments are based on a misapplication of <u>Mathis</u>.

On May 17, 2017, Ellis filed a Motion for Extension of Time to Reply to Government's Response [Docket No. 120]. The Court granted the Motion and allowed Ellis until June 22, 2017 to file his Reply. Order [Docket No. 121].

Subsequently, Ellis filed the Amended 2255 Motion and Second Motion for Appointment of Counsel. Certif. Service [Docket No. 124-2]. The Amended 2255 Motion asserts a claim for ineffective assistance of counsel and also argues that Ellis' Illinois state court conviction for Aggravated Vehicular Hijacking – Weapon is not a predicate offense under the ACCA or the Career Offender provisions of the Sentencing Guidelines. The Amended 2255 Motion does not address the Government's arguments asserting that Ellis' prior Illinois state court convictions are predicate offenses under the ACCA and the Sentencing Guidelines.

### III. DISCUSSION

**A. Section 2255**

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence, as well as to argue that "the

4

court was without jurisdiction to impose such a sentence." Relief under Section 2255 is reserved for correcting "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

**B. Procedural Bar**

The Government argues that Ellis procedurally defaulted on his claims by failing to raise them on direct appeal. A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). This procedural default may be overcome only if a defendant "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Id.

Ellis argues that his claims are not procedurally barred because the attorney who represented him during trial, sentencing, and on appeal provided ineffective assistance of counsel and failed to inform Ellis of the claims he is now raising. This argument fails because, as explained below, Ellis' counsel's performance did not prejudice his defense. Therefore, the claims in Ellis' 2255 Motions are procedurally barred. Even if the claims were not procedurally barred, they would fail on the merits for the reasons discussed below.

**C. Armed Career Criminal Act**

Ellis argues that the Court erroneously determined that he is an armed career criminal under the ACCA. The ACCA imposes a mandatory minimum fifteen-year sentence for a person who has been convicted as a felon in possession of a firearm "and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions

different from one another." 18 U.S.C. § 924(e)(1). Ellis argues that his prior felony convictions do not qualify as violent felonies or serious drug offenses for purposes of the ACCA. This argument fails because the Court concludes Ellis has at least one previous conviction for a serious drug offense and at least two previous convictions for violent felonies.

1. **Serious Drug Offense**

The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Ellis' 1995 drug conviction was for violating 720 ILCS 570/401(c)(2). Gov't Resp., Ex. 1 at 1, 6, 7. At the time of Ellis' conviction, the statute stated: "Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog." 720 ILCS 570/401 (1991). Ellis was convicted under subparagraph (c)(2) of the statute, which provided that a person who violates the statute with regard to "1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof" is guilty of a Class 1 felony. 720 ILCS 570/401(c)(2) (1991). Cocaine is a controlled substance under the Controlled Substance Act. See 21 U.S.C. § 802(6) (defining "controlled substance" to include a drug or other substance included in schedule II of part B); 21 U.S.C. § 812 (including cocaine within list of controlled substances in schedule II). In 1995, a Class 1 felony carried a maximum sentence

of 15 years. 720 ILCS 5/5-8-1(a)(4) (1994). Thus, Ellis' 1995 drug conviction meets the definition of a "serious drug offense" under the ACCA.

Ellis argues that this conviction nevertheless fails to qualify as a serious drug offense because the Illinois statute criminalizes a broader range of conduct than that required for a serious drug offense under the ACCA. Ellis contends the Illinois statute: (1) criminalizes manufacturing a controlled substance even if intended for personal use or research; (2) defines "delivery" to include constructive delivery, which is broader than the distribution element of the ACCA; and (3) criminalizes controlled substance analogs that are not federally controlled under the Controlled Substance Act.

The first argument fails because the ACCA does not require an element of intent with regard to manufacturing controlled substances. The second argument lacks merit because constructive delivery satisfies the distribution element under the ACCA.[4] The third argument is unavailing because the Illinois drug statute is divisible by drug type, with different drug types carrying different punishments. See 702 ILCS 570/401; see also Mathis, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."). The statutory alternative under which Ellis was convicted establishes the punishment for drug violations involving "cocaine, or an analog thereof." 720 ILCS 401(c)(2). Thus, the statute under which Ellis was convicted criminalizes a controlled substance that is federally controlled

---

[4] The ACCA incorporates the definitions provided in the Controlled Substance Act. See 18 U.S.C. § 924(e)(2)(A)(ii). Under § 802(11) of the Controlled Substance Act, "'distribute' means to deliver . . . a controlled substance or a listed chemical." 21 U.S.C. § 802(11). In turn, the Controlled Substance Act defines "deliver" to mean "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical." 21 U.S.C. § 802(8) (emphasis added).

under the Controlled Substance Act, and therefore Ellis' 1995 conviction under 720 ILCS 570/401(c)(2) qualifies as a predicate offense under the ACCA.

## 2. Violent Felony

The ACCA defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). The Supreme Court has interpreted the phrase "physical force" under the ACCA to mean "violent force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). "A prior conviction cannot qualify as an ACCA predicate offense if its elements are broader than the definition of a violent felony." United States v. Fogg, 836 F.3d 951, 954 (8th Cir. 2016) (citing Mathis, 136 S. Ct. at 2251) (internal quotations omitted).

To determine whether a prior conviction meets the definition of a violent felony, a court "should start with the formal categorical approach and look only to the fact of the conviction and the statutory definition of the prior offense." United States v. Schaffer, 818 F.3d 796, 797 (8th Cir. 2016). Under this approach, a court considers "the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction." United States v. Forrest, 611 F.3d 908, 910 (8th Cir. 2010). If a statute "criminalizes both conduct that does and does not qualify as a violent felony and the statute is divisible, [courts] apply the modified categorical approach and may review certain judicial records to identify which section of the statute supplied the basis for a defendant's conviction." Fogg, 836 F.3d at 954.

8

### a. Attempted Armed Robbery

Ellis argues that his 2004 Illinois felony conviction for attempted armed robbery under 720 ILCS 5/18-2(A)(2) is not a violent felony under the ACCA because the elements of the attempted armed robbery statute are broader than the definition of a violent felony. At the time of Ellis' conviction for attempted armed robbery, the statute stated: "A person commits armed robbery when he or she violates Section 18-1; and . . . (2) he or she carries about his or her person or is otherwise armed with a firearm . . . ." 720 ILCS 5/18-2(a)(2) (2000). In turn, Section 18-1 provided: "A person commits robbery when he or she takes property, except a motor vehicle . . . from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (1999).

Illinois courts analyzing the force requirement in Illinois' robbery statute hold that "the degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will." United States v. Pinkney, No. 16 C 6600, 2017 WL 2633680, at *5 (N.D. Ill. June 19, 2017) (quoting People v. Hicks, 29 N.E.3d 451, 457 (Ill. App. Ct. 2015). Thus, Illinois case law supports the conclusion that a conviction under Illinois' robbery statute requires sufficient force to qualify as a violent felony under the ACCA. Id.

Ellis argues that armed robbery does not qualify as a violent felony because it can be committed by merely threatening the imminent use of force. This argument fails because the ACCA's definition of a violent felony includes a crime that has as an element "the . . . threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I) (emphasis added).

9

Ellis further argues that armed robbery is not a violent felony because it can be committed through alternate means. For example, a jury could return a guilty verdict even if some jurors believe the defendant took the property from the victim's actual "person" and other jurors believe the defendant took the property from the "presence of another." 720 ILCS 5/18-1(a). Additionally, a jury could return a guilty verdict even if some jurors believe the defendant carried a firearm "about his person" and other jurors believe the defendant was "armed with a firearm." 720 ILCS 5/18-2(a)(2). The existence of these alternate means is immaterial, however, because under any combination of the listed means, the offense still "has as an element the use, attempted use or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I).

Ellis also argues that the definition of "attempt" under Illinois law is insufficient to qualify as a violent felony under the ACCA. Ellis relies on United States v. Reid, an Eighth Circuit decision which held that attempted burglary in Missouri is not a violent felony because the range of conduct covered by the Missouri statute "could be satisfied by preparatory conduct that does not pose the same risk of violent confrontation and physical harm posed by an attempt to enter a structure illegally." 769 F.3d 990, 995 (8th Cir. 2014) (quoting James v. United States, 550 U.S. 192, 205 (2007)). In Reid, the Eighth Circuit distinguished the Missouri statute from Minnesota's attempted burglary statute, which has been held to qualify as a violent felony because the Minnesota statute requires "more than preparation" to justify a conviction and covers "only conduct that involves a level of risk that is indistinguishable from the overt act directed toward entering." Id. (internal quotations omitted).

In People v. Smith, 593 N.E.2d 533, 535–537 (Ill. 1992), the Illinois Supreme Court examined the context of Illinois cases in which attempted armed robbery has been established. In each of the examined cases, "the defendant had already found his target and either was waiting close by, intending to pounce momentarily, or had already started toward the [intended target]." Id. at 537 (quoting People v. Smith, 569 N.E.2d 326, 329 (Ill. App. Ct. 1991)). The Illinois Supreme Court stated that for an attempted armed robbery conviction, the defendant must have "gone beyond preparation and achieved dangerous proximity to success." Id. Thus, the definition of "attempt" in Illinois requires conduct beyond the type of preparatory conduct that was found to be insufficient in Reid. Based upon the heightened standard of conduct required for Illinois attempted armed robbery, the offense qualifies as a violent felony under the ACCA.

### b. Attempted Murder

Ellis argues that his 1996 Illinois felony conviction for attempted murder in violation of 720 ILCS 5/9-1(a)(1) is not a predicate conviction under the ACCA. The statute in effect at the time of Ellis' attempted murder conviction stated in relevant part: "A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death: (1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another . . . ." 720 ILCS 5/9-1(a)(1) (1996). Thus, the force required to establish a conviction for Illinois attempted murder clearly satisfies the definition of violent force–that is, "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140.

11

As with his arguments regarding attempted robbery, Ellis argues that the definition of "attempt" under Illinois law is not sufficient to qualify as a predicate offense under the ACCA. This argument fails because as discussed above, "attempt" in Illinois requires more than the preparatory conduct found to be insufficient in Reid.

### c. Vehicular Hijacking - Weapon

In his Amended 2255 Motion, Ellis argues that his conviction for aggravated vehicular hijacking under 720 ILCS 5/18-4(A)(3) is not a violent felony under the ACCA. This argument is without effect because Ellis has three other predicate convictions that qualify under the ACCA.

Based on Ellis' 1995 drug conviction, 1996 attempted murder conviction, and 2004 armed robbery conviction, Ellis was correctly determined to be an armed career criminal under the ACCA.

## D. Career Offender Guideline

Ellis also claims that his five Illinois convictions do not qualify as predicate offenses under the career offender provision of § 4B1.1 of the Sentencing Guidelines. At the time Ellis was sentenced, the career offender provision of the Sentencing Guidelines stated:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.

The Sentencing Guidelines defined "controlled substance offense to mean "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). As discussed above, Ellis' 1995 drug conviction in Illinois state court carried an imprisonment term of up to 15 years. Thus, this conviction counts as a predicate offense under § 4B1.1 of the Sentencing Guidelines.

At the time of Ellis' sentencing, a "crime of violence" was defined to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). The Eighth Circuit has held that the definition of "crime of violence" in § 4B1.2(a) of the Sentencing Guidelines is "virtually identical" to the definition of a "violent felony" in the ACCA. Ortiz v. Lynch, 796 F.3d 932, 935 (8th Cir. 2015). Thus, for the same reasons that at least two of Ellis' Illinois convictions are violent felonies under the ACCA, they are crimes of violence under the career offender provision of the Sentencing Guidelines.

**E. Ineffective Assistance of Counsel**

Ellis asserts a claim for ineffective assistance of counsel, arguing that his attorney failed to investigate the law and facts relating to his classification as an armed career criminal under the ACCA and as a career offender under the Sentencing Guidelines. To establish an ineffective assistance of counsel claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant's defense. Strickland v.

Washington, 466 U.S. 668, 687 (1984). Because Ellis was correctly adjudicated to be an armed career criminal and a career offender, he has not established that his counsel's performance prejudiced his defense. Ellis' claim for ineffective assistance of counsel is therefore dismissed.

## F. Evidentiary Hearing

Ellis requests an evidentiary hearing. "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013). Because there are no significant disputed facts, an evidentiary hearing is unnecessary.

## G. Motions to Appoint Counsel

The court may appoint counsel to represent a financially eligible person seeking relief under § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not necessary, appointment of counsel is discretionary. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). Here, the factual and legal issues underlying Ellis' claims are not so complex as to warrant the appointment of counsel. Moreover, Ellis possesses the ability to investigate and present his claims, as demonstrated by his filing of two § 2255 motions, which are fully briefed and include legal citations, as well as two motions for appointment of counsel. Thus, the interests of justice do not require appointment of counsel.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

14

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in the Initial 2255 Motion and Amended 2255 Motion differently, or that any of the issues raised in Ellis' petitions would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Albert Terrell Ellis' pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 112] is **DENIED**;

2. Ellis' Motion for the Appointment of Counsel [Docket No. 115] is **DENIED**;

3. Ellis' Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Docket No. 124] is **DENIED**;

4. Ellis' Second Motion for Appointment of Counsel [Docket No. 123] is **DENIED**; and

5. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  September 7, 2017.