UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                        **MEMORANDUM OPINION**
v.                                      **AND ORDER**
                                         Criminal No. 13-257 ADM/LIB

Albert Terrell Ellis,
a/k/a Alvin Ellis,

        Defendant.

_____

Albert Terrell Ellis, pro se.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Albert Terrell Ellis' ("Ellis") pro se Motion and Amended Motion for Compassionate Release or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket Nos. 138, 145]. For the reasons set forth below, Ellis' Motions are denied.

## II.  BACKGROUND

On July 2, 2014, a jury found Ellis guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) (Count 1), possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4).  Verdict [Docket No. 70] at 1–2; Sentencing J. [Docket No. 91] at 1.[1]

---

[1] The jury found Ellis not guilty of being a felon in possession of ammunition as charged in Count 2 of the four-count Superseding Indictment.  Redacted Verdict at 1.

The Presentence Investigation Report ("PSR") determined that Ellis' conviction under 18 U.S.C. § 922(g) (Count 1) qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), and he was therefore subject to a mandatory minimum sentence of 15 years imprisonment. PSR ¶¶ 49, 107. This determination was based on his five prior state court convictions in Illinois: (1) a 1995 conviction for Manufacture/Delivery of 1 to 15 Grams of Cocaine; (2) 1996 conviction for Possession with Intent to Deliver Other Amount of Narcotic Substance; (3) a 1996 conviction for Attempted Murder; (4) a 1996 conviction for Aggravated Vehicular Hijacking – Weapon; and (5) a 2004 conviction for Attempted Armed Robbery. PSR ¶¶ 49, 60–62, 64.

The PSR also determined that Ellis was career offender under U.S.S.G. § 4B1.1(a) because his instant felonies were either a crime of violence (Counts 1 and 4) or a controlled substance offense (Count 3), and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense (specifically, two Illinois drug felonies and two Illinois felony convictions for crimes of violence). PSR ¶ 47, 60–62, 64.[2] Based on this career offender determination and Ellis' convictions on multiple counts including § 924(c), Ellis' guideline range was 360 months to life and his criminal history category was VI. PSR ¶¶ 48, 69; U.S.S.G. § 4B1.1(b) and (c).

The PSR further determined that Ellis was subject to a five-year mandatory minimum sentence, to be served consecutively to any other term of imprisonment, as a result of his

---

[2] The 1996 convictions for Attempted Murder and Aggravated Vehicular Hijacking—Weapon stemmed from the conduct of Ellis and a co-defendant beating a victim with a wooden table leg and stealing her car. Only one of these two convictions were scored with criminal history points, and thus qualified as a predicate offense for Career Offender purposes. PSR ¶ 62 (citing U.S.S.G. § 4B1.2(c)).

conviction under 18 U.S.C. § 924(c)(1)(A) for use of a firearm in relation to drug trafficking (Count 4). PSR ¶ 107.

On June 4, 2015, the Court held a sentencing hearing and adopted the PSR sentencing determinations without change. Min. Entry [Docket No. 89]; Statement Reasons [Docket No. 92] at 1. As a result, Ellis was adjudicated an armed career criminal under the ACCA, and a career offender under U.S.S.G. § 4B1.1. The Court determined that a downward departure from the guidelines was appropriate based on Ellis' past attempts at remaining crime-free, but that a sentence above the 20-year mandatory minimum was necessary given his continued return to committing crimes. Sentencing Tr. [Docket No. 100] at 12–14. The Court imposed a 262-month sentence: 202 months on Count 1 (the ACCA count under 18 U.S.C. § 924(e)) and Count 3 (the drug count under 21 U.S.C. § 841), to be served concurrently, and 60 months on Count 4 (the use of a firearm count under 18 U.S.C. § 924(c)) to be served consecutively. Sentencing J. at 2. The sentence was a substantial downward departure from the guidelines range of 360 months to life. Statement Reasons at 1, 3.

Ellis appealed his conviction, arguing insufficient evidence and evidentiary error. United States v Ellis, 817 F.3d 570 (8th Cir. 2016). The Eighth Circuit affirmed his conviction. Id.

In 2017, Ellis filed a pro se motion under 28 U.S.C. § 2255 to vacate or correct his sentence. See § 2255 Mot. [Docket No. 112]; Amended § 2255 Mot. [Docket No. 124]. Ellis argued that none of his five prior convictions in Illinois state court qualified as predicate offenses under the ACCA or the career offender provisions of U.S.S.G. § 4B1.1, and that counsel was ineffective for failing to raise these arguments at sentencing. The Court denied Ellis' § 2255 Motion because his claims were procedurally barred for failure to raise them on appeal, and

because his claims also failed on the merits.  Mem. Op. Order [Docket No. 125].  Ellis appealed the denial of his § 2255 Motion.  Notice Appeal [Docket No. 127].  The Eighth Circuit denied his application for a certificate of appealability.  USCA J. [Docket No. 135].

Ellis is currently in custody at the federal correctional institution in Oxford, Wisconsin ("FCI-Oxford").  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2022).  His projected release date is July 22, 2032.  Id.

Ellis, age 45, now asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argues that extraordinary and compelling reasons warrant his immediate release based on his health concerns amid the COVID-19 pandemic, his rehabilitative achievements, and the harsh conditions under which he has been serving his sentence.  Ellis also argues that new case law establishes that his two Illinois drug convictions and his Illinois convictions for attempted armed robbery and aggravated vehicular hijacking no longer qualify as predicate offenses under the ACCA or the career offender sentencing guideline of § 4B1.1.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). The policy statement requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

**A. Health Concerns**

Ellis argues that he is obese and that this condition makes him particularly vulnerable to severe illness or death should he contract COVID-19. Ellis' medical records show he is 5'7" tall, weighs 205 pounds, and has a body mass index ("BMI") of 33, placing him in the obese range. Mot. Ex. B. He became fully vaccinated against COVID-19 in October 2021 and received a vaccine booster in January 2022. Mot. [Docket No. 138] at 12; Amended Mot. [Docket No. 145] at 1, Ex. 1. Ellis also states that he contracted COVID-19 in October 2020, and that he still struggles with lingering symptoms, including inability to focus, fatigue, extreme chest pain, shortness of breath, a lack of taste and smell, and a dry cough and sore throat. Mem. Supp. Mot. [Docket No. 143] at 1. The medical records submitted by Ellis do not include any mention or documentation of these symptoms.

Ellis' obesity and other health concerns do not warrant compassionate release, because his vaccination protects him from severe illness or death were he to contract COVID-19. Although breakthrough infections can occur in people who have received the vaccine, the Centers for Disease Control and Prevention ("CDC") states that "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people," and that vaccinated individuals "are much less likely to be hospitalized or die than people who are not vaccinated." CDC, COVID-19, The Possibility of Breakthrough Infections after Vaccination, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Apr. 21, 2022). As a result, Ellis' health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons justifying a sentence reduction. See United States v. Rodriguez, No. 15-CR-0254 (PJS), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021) (holding that the "small risk that [the vaccinated defendant] may contract COVID-19 and become seriously ill is simply too speculative to justify . . . release"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release for vaccinated defendant with kidney disease, obesity, and high blood pressure because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

**B. Intervening Judicial Decisions**

Ellis also argues that he is entitled to compassionate release based on recent cases decided by the Seventh Circuit and the Supreme Court concerning whether a crime qualifies as a serious drug offense or violent felony for sentence enhancement purposes. Ellis contends that

his two Illinois drug felonies can no longer serve as predicate offenses under the ACCA or U.S.S.G. § 4B1.1 according to the Seventh Circuit's decision in United States v. Ruth, 966 F.3d 642 (7th Cir. 2020), cert. denied, 141 S. Ct. 1239 (2021).  He further contends that his remaining Illinois convictions for attempted murder, aggravated vehicular hijacking, and attempted armed robbery are not violent felonies according to the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021).

These arguments fail because a compassionate release motion under § 3582 is not the proper vehicle for challenging statutory and guideline enhancements to a prisoner's sentence. "A federal inmate generally must challenge a sentence through a § 2255 motion, . . . and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."  United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020).  Ellis previously filed an unsuccessful § 2255 motion in this case, and he has not sought authorization from the Eighth Circuit to file a successive motion as required by 28 U.S.C. § 2255(h).  Ellis "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."  United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022).  Accordingly, Ellis' attempt to challenge the validity of his sentence must be denied as "an unauthorized successive motion to vacate, set aside, or correct a sentence."  Fine, 982 F.3d at 1119.[3]

---

[3] In addition to being procedurally improper, Ellis' argument fails on the merits. Assuming without deciding that Evans no longer qualifies for the ACCA enhancement under 18 U.S.C. § 924(e) (Count 1), his sentence would still be the same because he is serving a concurrent sentence of 202 months for drug trafficking in violation of 21 U.S.C. §§ 841(a)(1)(a) and 841(b)(1)(C) (Count 3), followed by a 60-month sentence for the use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4).
    Additionally, regardless of whether Ellis' Illinois convictions qualify as ACCA

**C. Rehabilitation**

Ellis further argues that compassionate release is warranted based on his rehabilitative achievements, personal growth, and maturity. During his time in custody, Ellis has taken numerous educational courses, including an 18-month Life Connections program offered through chaplain services, vocational training, and other institutional programming. Mot. at 31–35, Exs. F1–F5; Amended Mot. at 1–2, Ex. 1. He has also been employed as a clothing issue worker, a certified forklift operator, and a commissary worker. Mot. at 35, Exs. G1–G2; Amended Mot. at 1. Ellis was also selected as an Inmate Suicide Watch Companion for the Department of Psychology. Mot. at 35–36, Exs. H1–H5; Amended Mot. at 1. The position requires quarterly training sessions as well as debriefing sessions after each suicide watch. Mot. at 36, Exs. H1–H4; Amended Mot. at 1, Ex. 1. Through the Psychology Department, Ellis also serves as an informal mentor for inmates having difficulty adjusting to the prison environment. Mot. at 37.

Ellis' family and close friends have submitted letters in support of his release. Docket Nos. 137, 139–141. The letters describe the positive changes Ellis has made during his incarceration and the kindness he shows through his phone calls and correspondence with them.

---

predicates, he is subject to the career offender enhancement in § 4B1.1 of the sentencing guidelines based on his two Illinois felony drug convictions. The career offender guideline states that "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.C. § 4B1.1(a). The term "controlled substance offense" is defined broadly and includes state law offenses punishable by imprisonment for a term exceeding one year. United States v. Henderson, 11 F.4th 713, 718 (8th Cir. 2021), cert. denied ---- S. Ct. ---, 2022 WL 1131529 (Apr. 18, 2022); U.S.S.G. § 4B1.2. Ellis concedes that both of his Illinois drug offenses were punishable by a term of imprisonment exceeding one year. Mot. at 19. Under the career offender guideline, Ellis' guidelines range is 360 months to life. U.S.S.C. § 4B1.1. Thus, even without the ACCA's statutory enhancement, Ellis' guidelines range and his below-guidelines sentence of 262 months would remain the same.

The Court is encouraged by Ellis' efforts toward rehabilitation. The skills and work ethic Ellis is acquiring will no doubt improve the quality of time in custody and help him transition to a law abiding and productive lifestyle after prison. Although Ellis' progress toward rehabilitation is commendable, it is not an extraordinary and compelling reason to reduce his sentence. See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Albert Terrell Ellis' pro se Motion and Amended Motion for Compassionate Release or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket Nos. 138, 145] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  April 21, 2022